IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID ZEIDEL DIAMAND,

        Petitioner,        Civil No. 06-0037-TC

        v.                  FINDINGS AND RECOMMENDATION

WARDEN CHARLES DANIELS,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner filed a petition under 28 U.S.C. § 2241 alleging that his constitutional rights were violated when he was sanctioned at the Taft Federal Correctional Facility for "stealing."

    The relevant facts are not disputed. On August 9, 2004, petitioner was observed leaving the dining hall with something under his arm and something in his hands. Petitioner was subsequently found in his residency cubicle with four slices

1 - FINDINGS AND RECOMMENDATION

of tomato and bread. The corrections counselor contacted food service staff and learned that petitioner was not authorized to remove food items from the dining hall. Petitioner was charged with stealing.

Following a disciplinary hearing on September 23, 2004, a Disciplinary Hearings Officer found that petitioner committed the act of stealing. Petitioner was sanctioned to 27 days disallowance of good conduct time and six months loss of commissary privileges.

Petitioner acknowledges that he was afforded the procedural process requirements of prison disciplinary hearings as set forth in Wolff v. McDonnell, 418 U.S. 539 (1974); see also, Superintendent v. Hill, 472 U.S. 445 (1985). Petitioner argues that his conduct did not constitute "stealing."

I agree. It is undisputed that petitioner was issued the food for his personal consumption. Petitioner's argument that these circumstances are distinguishable from the "milk" example cited by the Hearings Officer is persuasive. Petitioner acknowledges that he may have violated institution rules or program statements against "possession of contraband" by removing food from the dining hall. However, as noted by petitioner, such a violation would not carry the sanction of loss of earned good conduct time.

2 - FINDINGS AND RECOMMENDATION

Respondent has not identified any institution rule that defines or could reasonably be construed as defining, petitioner's conduct as "stealing." Under these circumstances I find that the "some evidence" to support disciplinary decision requirement, was not met.

Petitioner's Petition (#1) should be allowed to the extent that the Bureau of Prisons should be ordered to restore the 27 days good conduct credit forfeited by petitioner as a result of the incident giving rise to his claims herein.

DATED this 3 day of August, 2006

Thomas M. Coffin
United States Magistrate Judge

3 - FINDINGS AND RECOMMENDATION